# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY K. PLEASANT,<br><br>            Plaintiff,<br><br>    v.<br><br>MERCED COUNTY BOARD OF<br>SUPERVISORS, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-cv-00359-AWI DLB PC<br><br>ORDER ON MOTION TO SUPPLEMENT PLEADING, AND FINDINGS AND RECOMMENDATIONS FOLLOWING SCREENING OF AMENDED COMPLAINT<br><br>(Doc. 28)<br><br>ORDERING DISREGARDING AS MOOT DEFENDANTS' MOTION TO DISMISS<br><br>(Docs. 32, 33)<br><br>OBJECTIONS, IF ANY, DUE IN FIFTEEN (15) DAYS |

**I.    Procedural History**

Plaintiff Terry K. Pleasant ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March 5, 2007.  On April 25, 2008, the Court issued an order directing the United States Marshal to serve process on defendants Merced County Board of Supervisors and Merced County Sheriff's Department ("Defendants").  On May 14, 2008, Plaintiff filed a motion to supplement his pleading. (Doc. 28).  On June 27, 2008, Defendants filed a motion to dismiss.  Both motions are pending before the Court.

///

## II. Motion to Supplement Pleading

In his motion to supplement his pleading, filed May 14, 2008, Plaintiff states that he wishes to amend his pleading to add a request for injunctive relief, to set forth arguments in support of the Court's supplemental jurisdiction over his state law claims, and to set forth new events that have occurred since the filing of his original complaint. Plaintiff moves for leave pursuant to Fed. R. Civ. Pro. 15(d). Plaintiff has attached to his motion a copy of his proposed supplemental pleading.

In his supplemental pleading, Plaintiff alleges a violation of the Eighth and Fourteenth Amendments and requests injunctive and declaratory relief. Upon review, it does not appear that Plaintiff has alleged events that have occurred since the filing of his original complaint. Plaintiff's motion is properly a motion to amend his complaint, pursuant to Rule 15(a), and not a motion to supplement his pleading pursuant to Rule 15(d).

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading had not been served at the time Plaintiff filed his motion, and Plaintiff had not previously amended his complaint. Therefore, Plaintiff may file an amended complaint without leave of the court.

Plaintiff has attempted to incorporate by reference in his amended complaint all his allegations in his original complaint filed March 5, 2007. Plaintiff is advised that the Court normally does not allow for piecemeal submissions of a complaint.[1] In this instance however, for the sake of expediency, the Court shall permit Plaintiff's complaint as filed.

Accordingly, the operative pleading in his case is Plaintiff's amended complaint, submitted May 14, 2008, which incorporates by reference Plaintiff's original complaint, filed March 5, 2007. (Docs. 28, 1).

///

---

[1] Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.

2

**III.     Screening Requirement**

As Plaintiff is already aware, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff has amended his complaint, and the Court shall now screen his amended complaint.

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**A.     Summary of Plaintiff's Amended Complaint**

Plaintiff is currently housed at Deuel Vocational Institution in Tracy, California. The events giving rise to the claims at issue in this action allegedly occurred at Merced County Jail. Plaintiff alleges a violation of the Eighth, Fourteenth and First Amendments, as well as various state law claims. Plaintiff names Merced County Board of Supervisors and Merced County Sheriff's Department as defendants. Plaintiff seeks money damages and equitable relief.

///

**B.     Plaintiff's Eighth and Fourteenth Amendment Claims**

Plaintiff alleges that due to overcrowding, inadequate space and understaffing, defendants failed to provide him with access to education, rehabilitation or vocational training programs. Plaintiff alleges that defendants are collectively responsible for the deprivation of education, rehabilitation, and vocational training programs, which constitutes deliberate indifference to his right, and those of other inmates, to "seek out corrective rehabilitative action in a [sic] effort to halt any further criminal behavior or reincarceration." (Doc. 1, ¶ 10). Plaintiff alleges that he and other inmates will be released back into the community unreformed and untrained. Plaintiff alleges a violation of both the Eighth and Fourteenth Amendments of the United States Constitution.

At the outset, it is unclear from reading Plaintiff's amended complaint whether Plaintiff was housed at Merced County Jail as a pre-trial detainee, or as a sentenced prisoner. The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Although the rights of pre-trial detainees to be free from punishment are analyzed under the Due Process Clause rather than the Eighth Amendment, the same standards apply. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

First, Plaintiff alleges that overcrowding constitutes "punishment" under the Eighth and Fourteenth Amendments. "Overcrowding itself is not a violation of the Eighth Amendment. It can, under certain circumstances, result in specific effects which can form the basis of an Eighth

4

1  Amendment violation." Hoptowit v. Ray, 682 F.2d 1237, 1249 (9th Cir. 1982).

2  A general allegation that overcrowding violates the Eighth Amendment is insufficient to state a claim upon which relief may be granted, and Plaintiff's allegations that overcrowding has resulted in the deprivation of education, rehabilitation or vocational services also fails to state a claim upon which relief may be granted. Plaintiff has not sufficiently alleged that defendants knew of and disregarded an excessive risk of harm to Plaintiff. Farmer, 511 U.S. at 837. Further, the lack of vocational, recreational and educational programs are not violative of the Eighth Amendment, and "the lack of these programs simply does not amount to the infliction of pain. There is no constitutional right to rehabilitation." Hoptowit v. Ray, 682 F.2d 1237, 1255-6 (9th Cir. 1982) (internal citations omitted). Further, prison inmates do not have a constitutional right, grounded in the Due Process Clause itself, to participate in rehabilitative programs. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985) (citing Hoptowit).

Accordingly, whether confined as a prisoner or a pre-trial detainee, Plaintiff fails to state a claim upon which relief may be granted for violation of the Eighth or Fourteenth Amendments.

**C.  Plaintiff's First Amendment Claim**

Plaintiff alleges that defendants' actions also violate Plaintiff's First Amendment rights. "[C]ourts should not undertake to infer one cause of action when a complaint clearly states a claim under a different cause of action. '[T]he party who brings a suit is master to decide what law he will rely upon.'" O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007) (quoting Bogovich v. Sandoval, 189 F.3d 999, 1001 (9th Cir. 1999) (internal quotations and citation omitted)).

In the present case, there exist no factual allegations whatsoever to support any First Amendment claim. Plaintiff's amended complaint does not provide Defendants with fair notice of Plaintiff's First Amendment claim and the grounds upon which they rest. Accordingly, Plaintiff fails to state a claim upon which relief may be granted for violation of the First Amendment.

**D.  Municipal Liability**

Plaintiff also alleges that the deprivation of services is a result of defendants' collective policy or custom. Plaintiff also makes reference to a "municipality" policy or custom which he alleges violates his Eighth and Fourteenth Amendment rights.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

For the reasons already explained, there is no violation of either the Eighth or Fourteenth Amendments for not providing education, vocation, or rehabilitation services. Because there is no constitutional violation, plaintiff also fails to state a cognizable claim for municipal liability arising from any custom or policy of defendants in not providing funds for the implementation of such services.

### E. Plaintiff's State Law Claims

Plaintiff alleges violations of California Penal Code sections 2600, 2601, and 4015; California Administrative Code sections 1061, and 1064; and violations of the California Constitution. Because Plaintiff fails to state cognizable claims for relief under federal law, the Court has no jurisdiction over plaintiff's state law claims in this action. 28 U.S.C. § 1367(a).

## IV. Defendants' Motion to Dismiss

The Court now turns to Defendants' motion to dismiss, filed June 27, 2008. In light of the fact that the Court shall recommend dismissal of this action, without leave to amend, defendants' motion to dismiss is rendered moot.[2]

///

///

---

[2] Defendants' motion to dismiss addresses only Plaintiff's original complaint, and not his amended complaint.

**V.      Conclusion and Order**

The Court finds that Plaintiff has not stated any cognizable claims under section 1983 arising from the lack of educational, vocational and/or rehabilitative services provided at Merced County Jail.  Because Plaintiff will not be able to correct the deficiencies identified, the Court recommends that leave to amend not be granted.[3]

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Plaintiff's amended complaint be dismissed, without leave to amend, for failure to state any federal claims upon which relief may be granted;

2.    Plaintiff's state law claims be dismissed without prejudice; and

3     Defendants' motion to dismiss, filed June 27, 2008, be disregarded as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **February 13, 2009**                        **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] "Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).

7